| Plaintiff | Defendant | Defendant |
|---|---|---|
| Christopher S. Young | Secretary of The Department of Veterans Affairs/ | Director/ |
| Pro S.E | Douglas A. Collins | Audrey Y. Davis |
| 330-815-4650 | 810 Vermont Ave N. Washington D. C. 20420 | Department of Defense Finance and Accounting Services (DFAS) |
| Cayoung2194@Icloud.com | | 8899 East 56th Indianapolis, IN 46249 |
| 494 Atterbury Blvd. | | |

**Christopher S. Young V. United States**

**Department of Veterans Affairs and Department of Defense Finance and Accounting Services**

**Civil Action:** _____   **Judges Initial:** _____

Complaint

**This plaintiff does request a jury, Trial.**

**Case: 1:25-cv-00878 JURY DEMAND**
**Assigned To : McFadden, Trevor N.**
**Assign. Date : 3/21/2025**
**Description: Pro Se Gen. Civ. (F-DECK)**

**INTRODUCTION:**

The Plaintiff, Christopher S. Young hereby submits this federal complaint due to the unlawful actions, conduct, and behaviors initiated by both the Department of Veterans Affairs and the Department of Defense Finance and Accounting Servies. The Plaintiff states that the nature of both federal agencies have caused the Plaintiff to be severely mentally, emotionally, and financially harmed when the Defendants participated in retaliatory action(s) concerning the withholding of funds, denying access to critical benefit information which caused pending foreclosure, a current active foreclosure, and the loss of personal property. The defendants were fully aware, but, in their corruption, they were withholding, from the Plaintiff, rights, benefits, payroll, and accurate information, entitled to the Plaintiff, as required by law, the plaintiff states that the defendant's intent was to wound, fracture, and exploit the Plaintiff.

**Subject Matter:** The subject matter of this claim is Computer Fraud Act (CFAA) 18 U. S. C. 1030, Whereas Federal Agencies and employees operated within corrupt actions subject to 18 U. S. C. 1001, 18 U. S. C. 1341, Unites States v. Doreen, 806 F. 3d 228 (2d Cir. 2015), United States v. Lindo, 18 F.4th 334 (5th Cir. 2021). Concealing Criminal Activities under Computer Fraud.

a.  Jurisdiction:

   The Plaintiff states that the Secretary over the Department of Veterans Affairs has administrative authority over the Department of Veterans Affairs, and is in the District of Columbia, in Washington, D.C. The Plaintiff, Christopher S. Young, hereby declares that the defendant(s) in this complaint are federal agencies and employees that violated and broke federal laws. The Plaintiff states that the Defense Finance and Accounting Services, is a federally operated agency, is in the State of Indiana and the Director's office is also located in the State of Indiana, causing this matter/complaint to be a diverse jurisdiction; thereby creating diversity in this federal claim.

1

The Plaintiff also requests the court to issue a finding of a Right to Sue based on the pending motion to be submitted to the court, for a right to sue after, determining facts and evidence to be submitted before this court., as a future request before the court.

    b. **Venue: U. S. District Court**

       **333 Constitution Ave N W**

       **Washington, D. C. 20001**

a. The Plaintiff states that the Secretary over the Department of Veterans Affairs has administrative authority over the Department of Veterans Affairs, and this agency administrator is in the District of Columbia, in Washington, D.C.; Further, the Plaintiff states that the Department of Veterans Affairs has custody and authority over all files, records, and payroll record, therefore the Washinton, D. C. District Court is the appropriate venue for this claim.

b. The Plaintiff states that the Defense Finance and Accounting Services is a federally operated agency, in the State of Indiana and the Director's office is also located in the State of Indiana; the Department of Defense Finance and Accounting Services (DFAS) is only a pay agent on behalf of the Department of Veterans Affairs, causing this matter to be inappropriate for this venue of (federal claim). The Plaintiff also states that the Department of Defense Finance and Accounting Services has no authority over employee records, payroll information and benefits.

c. The Plaintiff states that the United States is a sovereign authority and can only be sued, by permission, as given by the United States government.

d. The Plaintiff also requests the court to issue a finding of a Right to Sue based on the Plaintiff future request for a motion to be submitted to the court, for a right to sue after determining facts and evidence submitted before this court, at a later time.

**The Plaintiff further asserts that the same federal employees and federal agencies caused the Plaintiff harm which made the Plaintiff, Christopher S. Young, to be personally injured. The Plaintiff, Christopher S. Young, was personally harmed and injured because of the Federal laws which were violated by both the Department of Veterans Affairs and the Defense Finance and Accounting Service's unlawful actions.**

## CLAIMS:

### COUNT 1

1. **Claim #1** Plaintiff asserts that his previous employer, The Department of Veterans Affairs along with the Defense Finance and Accounting Services, have caused the Plaintiff to suffer severe financial damage, catastrophic harm, mental anguish, and emotional suppression and have further caused an active foreclosure to be put in place against the Plaintiff's home property, based on the defendant's actions and inactions towards

the Plaintiff. The false statements that the defendants submitted to 3rd parties violated the Plaintiff's rights under the law.

**LEGAL BASIS FOR THIS COMPLAINT**: False Statement Concealment (18 U.S.C. 2071), Computer Fraud (18 U. S. C.), Obstruction of 5th Amendment Violations, Equal Protection Violations, Theft of Private property.

## COUNT 2

2. **Claim #2,** The Plaintiff asserts that he has been harmed, and made to feel defenseless, placed under tremendous pressure and burdens concerning his quest to receive documentation, which is his necessary documents from the defendants, so that he can move forward in his effort(s) to address Plaintiff's s matters of business and financial obligation. The Plaintiff states that the unlawful acts, by the defendants, have been debilitating and injurious as he is also a mature senior who has been injured by the Department of Veterans's Affairs and The Department of Defense Finance and Accounting Services when the Defendants refused to engage the Plaintiff, in their actions to cover-up their fraudulent acts against the Plaintiff via concealing documents and refusing to engage the Plaintiff concerning his payroll, tax, and benefits information documents. The obstruction of Justice, Concealment of False Statements and Theft of Property enacted by the defendants are forbidden Acts like in any federal agency and cannot be justified or excused by any federal agency.

**LEGAL BASIS FOR THIS COMPLAINT**: False Statement Concealment (18 U.S.C. 2071), Computer Fraud (18 U. S. C.), Obstruction of Justice, 5th Amendment Violations, Equal Protection Violations, Theft of Private property.

## COUNT 3

**Claim #3** The Plaintiff states that the defendants used fraud to cover-up monies placed in 401 K account, deferred compensation accounts, FERRS account, FEHB account, federal tax withholding (s) account, Plaintiff's Medicare withholding account, federal income tax withholding account, Social Security Account; and all combined acts have caused the Plaintiff emotional torment, and loss of income due to funds taken from the Plaintiff as monies in these accounts were also ordered and to be rendered, to the Plaintiff, in an order to make the Plaintiff "whole" in accordance to the FAD ordered in June 6, 2020.

**LEGAL BASIS FOR THIS COMPLAINT:** False Statement Concealment (18 U.S.C. 2071), Computer Fraud (18 U. S. C.), Obstruction of Justice, 5th Amendment Violations, Equal Protection Violations, Theft of Private property.

## COUNT 4

**Claim #4** The Plaintiff states that he is emotionally fractured by the defendant's abuse. The Plaintiff states that he is legally blinded and disabled and the defendants deepened the difficulty in the Plaintiff; s endeavor to obtain the Plaintiff's essential financial documentation that were necessary for the Plaintiff to address his financial responsibilities; therefore, the Plaintiff is still left without and left in "wanting". The Plaintiff states that his relationship with his creditors has been damaged and put at risk; the Plaintiff further asserts that he has accrued unlawful IRS penalties, levies, threats of seizure of his personal property, and the confiscation of tax refunds that are and should be currently due to the plaintiff, but instead are being withheld based incorrections in the record sent to IRS. The Plaintiff asserts that his Social Security entitlements were discontinued, and the Plaintiff has lost essential disability entitlements, as well, based on issues of false reporting of records and information to the Social Security Administration, by the defendants.

**LEGAL BASIS FOR THIS COMPLAINT**: False Statement Concealment (18 U.S.C. 2071), Computer Fraud (18 U. S. C.), Obstruction of Justice, 5th Amendment Violations, Equal Protection Violations, Theft of Private property. The Plaintiff states that without these laws being adhered to, the defendants misrepresented their statutory authority. The Plaintiff further asserts that there is no other law whereby the defendants are permitted to engage in False Statement Concealment.

### COUNT 5

**Claim #5** The Plaintiff states that the defendant's irresponsibility, and unaccountability caused the Plaintiff anxiety, depression, mental distress, torment, and anguish, which burdened the plaintiff, when the defendants unlawfully denied the Plaintiff, his rights by failing to allow the Plaintiff his rights to the guaranteed, and prescribed laws that govern within the EEO/ORMDI processes, which include title 7 of the Civil Rights Act; herewith provides obligation to the law. The Plaintiff asserts that by further refusing to acknowledge lawful acts afforded to the Plaintiff, there were unjust actions via the cancellation of the Plaintiff's EEO/ORMDI claims on two separate occasions that occurred without notice or causation, and then the Department of Veterans Affairs, dismissing the claim after gerrymandering the claim into another process, not put in place by law.

**LEGAL BASIS FOR THIS COMPLAINT:** False Statement Concealment (18 U.S.C. 2071), Computer Fraud (18 U. S. C.), Obstruction of Justice, 5th Amendment Violations, Equal Protection Violations.

### COUNT 6

**Claim #6** The Plaintiff states that when the defendants failed to respect and honor his citizenry, in his request regarding w-2, 1099 corrections (requested deletions) and other constitutional entitlements, the Plaintiff felt a sense of severe loss, abandonment, dehumanization, hopelessness, and betrayal.

**LEGAL BASIS FOR THIS COMPLAINT**: The Plaintiff states that, in accordance with the Rehabilitation Act of 1973 and the American Disabilities Act, the defendants failed and refused to provide the Plaintiff with documentation and information as to the defendant's obligation to make the Plaintiff "whole", as ordered by the Law Judge in accordance with a June 6, 2020, Final Agency Decision order, by Law Judge Max Anne Whitkin. The Plaintiff states that the defendants violated the law via False Statement Concealment to conceal their actions and intentions to defraud the Plaintiff of his property alone with the Plaintiff's Constitutional rights, pertaining to what belongs to the Plaintiff. The Plaintiff asserts that the defendants also violated the law as in Computer fraud, False Statement Concealment (18 U.S.C. 2071), Obstruction of Justice, 5th Amendment Violations, Equal Protection Violations, Theft of Private property.

### COUNT 7

8.   **Claim #7.**   Plaintiff asserts that his previous employer, The Department of Veterans Affairs along with the Defense Finance and Accounting Services, have caused the Plaintiff to suffer severe financial damage, catastrophic harm, mental anguish, and emotional suppression and have further caused an active foreclosure to be put in place against the Plaintiff's home property, based on the defendant's actions and inactions towards the Plaintiff. The false statements that the defendants submitted to 3rd parties violated the Plaintiff's rights under the law.

**LEGAL BASIS FOR THIS COMPLAINT**: False Statement Concealment (18 U.S.C. 2071), Computer Fraud (18 U. S. C.)   Obstruction of 5 th Amendment Violations, Equal Protection Violations, Theft of Private Property

### COUNT 8

**Claim #8** The Plaintiff asserts that he has been harmed, and made to feel defenseless, placed under tremendous pressure and burdens concerning his quest to receive documentation, from the defendants, in an effort to address his matters of business and financial obligation. The Plaintiff states that the unlawful acts, by the defendants, have been debilitating and injurious as he is also a mature senior who has been injured by the Department of Veterans 's Affairs and The Department of Defense Finance and Accounting Services when the Defendants refused to engage the Plaintiff, in their actions to cover-up their fraudulent acts against the Plaintiff via concealing documents and refusing to engage the Plaintiff concerning his payroll, tax, and benefits information documents. The obstruction of Justice, Concealment of False Statements and Theft of Property enacted by the defendants are forbidden Acts like in any federal agency and cannot be justified or excused by any federal agency.

**LEGAL BASIS FOR THIS COMPLAINT**: False Statement Concealment (18 U.S.C. 2071), Computer Fraud (18 U. S. C.), Obstruction of Justice, 5th Amendment Violations, Equal Protection Violations, Theft of Private property.

## COUNT 9

**Claim #9** The Plaintiff states that the defendants are concealing monies placed in 401 K account, deferred compensation accounts, FERRS account, FEHB account, federal tax withholding (s) account, Plaintiff's Medicare withholding account, federal income tax withholding account, Social Security Account; and all combined acts have caused the Plaintiff emotional torment, and loss of income due to funds taken from the Plaintiff as monies in these accounts were ordered to be rendered to the Plaintiff in order to make the Plaintiff "whole" in accordance to the FAD ordered in June 6, 2020.

**LEGAL BASIS FOR THIS COMPLAINT**: False Statement Concealment (18 U.S.C. 2071), Computer Fraud (18 U. S. C.), Obstruction of Justice, 5th Amendment Violations, Equal Protection Violations, Theft of Private property.

## COUNT 10

**Claim #10** The Plaintiff states that he is emotionally fractured by the defendant's abuse and that the Plaintiff's legal blindness, and the Plaintiff's disability caused him to be among a vulnerable senior population and therefore he was made to be pray, to the whimsical schemes of the defendants actions and brutality towards the Plaintiff, therefore, the Plaintiff states that he, despite his efforts, was unable to obtain his essential documents. The Plaintiff states that despite his efforts, the Plaintiff is still left without and left in "wanting" and is exploited by the defendant's refusal to assist him in getting the essential documents to protect the Plaintiff from harm. The Plaintiff states that his relationship with his creditors has been damaged and put at risk; the Plaintiff further asserts that he has accrued unlawful IRS penalties, levies, threats of seizure of his personal property, and the confiscation of tax refunds that are and should be currently due to him but instead are being withheld. The Plaintiff asserts that his Social Security entitlements were discontinued, and the Plaintiff has lost essential disability entitlements, as well, based on issues of false reporting to the Social Security Administration, by the defendants.

**LEGAL BASIS FOR THIS COMPLAINT**: False Statement Concealment (18 U.S.C. 2071), Computer Fraud (18 U. S. C.), Obstruction of Justice, 5th Amendment Violations, Equal Protection Violations, Theft of Private property. The Plaintiff states that without these laws being adhered to, the defendants misrepresented their statutory authority. The Plaintiff further asserts that there is no other law whereby the defendants are permitted to engage in False Statement Concealment.

## COUNT 11

**Claim #11** The Plaintiff states that the defendant's irresponsibility, and unaccountability caused the Plaintiff anxiety, depression, mental distress, torment, and anguish, which burdened the plaintiff, when the defendants unlawfully denied the Plaintiff, his rights by failing to allow access to plaintiff's rights that are guaranteed within the prescribed laws governing EEO/ORMDI processes, which include title 7 of the Civil Rights Act; herewith provides obligation to the law. The Plaintiff asserts that by further refusing to acknowledge and listen and hear about the violations committed against the Plaintiff, was unjust and the cancellation(s) of the Plaintiff's EEO/ORMDI claims, on two separate occasions that occurred without notice or causation was even more egregious and the Department of Veterans Affairs, lastly, dismissing the claim after gerrymandering the claim into another process, identified as "breach" that was not requested, as was not requested the Plaintiff was even more unlawful.

**LEGAL BASIS FOR THIS COMPLAINT**: False statement Concealment (18 U.S.C. 2071), Computer Fraud (18 U. S. C.), Obstruction of Justice, 5th Amendment Violations, Equal Protection Violations.

## COUNT 12

**Claim #12** The Plaintiff states that when the defendants failed to respect and honor the plaintiff's rights in requesting this vital information regarding the plaintiff's W-2, 1099 corrections. The plaintiff states that he believes the actions of the defendants demonstrate a view of the plaintiff that is perverted, and inadequate. The Plaintiff further states that these flawed incompetencies, by the defendants caused a mental injury and emotional injury, to the plaintiff, whereby the actions and behaviors caused the defendants give the plaintiff 's a sense of severe loss, abandonment, dehumanization, hopelessness, and betrayal based..

**LEGAL BASIS FOR THIS COMPLAINT**: The Plaintiff states that, in accordance with the Rehabilitation Act of 1973 and the American Disabilities Act, the defendants failed and refused to provide the Plaintiff with documentation and information as to the defendant's obligation to make the Plaintiff "whole", as ordered by the Law Judge in accordance with a June 6, 2020, Final Agency Decision order, by Law Judge Max Anne Whitkin. The Plaintiff states that the defendants violated the law via False Statement Concealment to conceal their actions and intentions to defraud the Plaintiff of his property and the Plaintiff's Constitutional rights pertaining to what belongs to the Plaintiff. The Plaintiff asserts that the defendants also violated the law as in Computer fraud, False Statement Concealment (18 U.S.C. 2071), Obstruction of Justice, 5th Amendment Violations, Equal Protection Violations, Theft of Private property.

## COUNT 13

**Claim #13** The Plaintiff states that the defendants sent out false documents and refused to respond to or engage the plaintiff and when the Plaintiff notified the defendants that the false statements were sent out to the IRS and the Social Security Administration and needing correcting, the defendants refused to respond in a lawful manner, to the Plaintiff.

**LEGAL BASIS FOR THIS COMPLAINT**: Concealment (18 U.S.C. 2071), Computer Fraud (18 U. S. C.), Obstruction of Justice, 5th Amendment Violations, Equal Protection Violations, Theft of Private property.

## COUNT 14

**Claim # 14** The Plaintiff, Christopher Samuel Young, was an employee within the Department of Veterans Affairs when designated FAD monies that were intended to make the Plaintiff whole, portions of the designated FAD monies were used, by the defendants, for another purpose and thereby, the defendants utilized the computer to divert the lawful and intended monies, due to the Plaintiff, Christopher Samuel Young. Therefore, the Plaintiff states that he suffered mental anguish, loss of monies, and damage to his reputation (character deformation) when his IRS account accrued penalties, levies, interest and the confiscation of tax refunds that were due to the Plaintiff. The Plaintiff states that he was tormented when he suffered the inability to provide the Internal Revenue Service, with the corrected tax documentation and information. The Plaintiff further states that he was tormented when he was robbed of his ability to lawfully engage with the defendants in addressing the errors in his taxes.

The Plaintiff asserts that these unlawful actions, by the defendants, involved several legal and ethical violations; primarily, these unlawful actions constitute the misappropriation of funds, which is the improper use of money that has been entrusted to an individual, particularly in the Department of Veterans Affairs and the Defense Finance and Accounting Services and this is in the context of a federal agency.

## COUNT 15

**Claim # 15** The Plaintiff alleges that the defendants who committed these same acts used the computer to carry out these behaviors and these same acts that were committed by the defendants can potentially be deemed as fraud, abuse of authority, or even embezzlement. The Plaintiff states that understanding of this matter broke the Plaintiff's sprit as he was severely in need of relief.

The Plaintiff further asserts that in federal employment, such actions may violate specific laws and regulations, including the Federal Acquisition Regulation (FAR) and the Standards of Ethical Conduct for Employees of the Executive Branch: and the parties (defendants) who participated, in these unlawful acts should face disciplinary actions, including termination, and potential legal consequences, depending on the severity of the actions and the amount of money involved, as described by law.

The Plaintiff asserts that he is aware that misappropriation of funds occurs when an individual takes or uses funds for purposes not authorized by law or policy, particularly when those funds have been designated for a specific use, such as fulfilling the federal governments obligation to make the Plaintiff, Christopher Samuel Young, "whole" as ordered by the Administrative Law Judge of the OEDCA, in a Final Agency Decision. The Plaintiff states that when these actions were not fully executed, he felt hopeless

The Plaintiff, Christopher Samuel Young states that he understood that he was being exploited by these federal agencies and lost his ability to effectively provide appropriate funding to his creditors as his monies were being held up by the defendant, in their efforts to injure and bring serious financial harm to the Plaintiff. The Plaintiff states that he was severely frustrated as he had a keen understanding that he was being violated as the nature of misappropriation of funds should not exist in government work and when the defendants diverted the Plaintiff's intended funds for one purpose and then diverted them to another purpose, it did indeed undermine both the trust and accountability concerning government purposes and the Plaintiff said that the diversion of his funds caused him to suffer helplessness and depression.

The Plaintiff further states that the nature of misappropriation of funds did involve knowingly taking funds and using them for personal gain or for unauthorized purposes, as the FAD order clearly spelled out, in detail, the actions that were to be taken, by the agencies. The Plaintiff states that he understands that if a federal employee diverts funds meant for one purpose and uses them elsewhere, it undermines both trust and accountability especially when the offenders were supposed to be involved in government operations.

The Plaintiff asserts that he was severely harmed as the actions of the agencies caused him to suffer thoughts and feelings of severe abandonment when he had spoken to the agencies and offenders who violated 18 U.S.C. 1030 as conducted by both the Department of Veterans Affairs and The Department of Defense Finance and Accounting Services, however; these agencies have not taken corrective action or initiated an investigation in accordance to the law, nor have they exercised their duty to report issues related to the potentialities of computer fraud and abuse Act, whistleblowing, accountability, duty to report, or attended to any of the imperative safeguards that are put in place to protect both the agency and to, help ensure compliance and ethical behavior among employees, thereby protecting the Plaintiff.

The Plaintiff states that he understands that based on false statement(s) and other violations, listed in this complaint that the court only provides civil liability, only if civil liability is attached, in law; to criminal liability because of the sovereignty of the federal government, therefore this leaves the Plaintiff frustrated and in a limited pathway to file a tort liability claim to file against the United States Government; therefore, the Plaintiff acknowledges the courts authority over all federal law to grant a right to sue under specific violations, against the Plaintiff's rights. The Plaintiff states that it is his rights under 18 U. S. C 1030, and the Plaintiff assert the right of recovery for acts against the Plaintiff. The Plaintiff: therefore, makes a request as one who has suffered emotionally, mentally, and financially due to the defendant's actions and therefore will, at a later time, makes requests for this complaint to be given a right to sue.

**LEGAL BASIS FOR THIS COMPLAINT**: Concealment (18 U. S. C. 2071, United States v. Hogue, 205F.3 d 167 (5th Cir 2000), Computer Fraud, 18 U. S. C. 1030, United States v. Doss, 630 F. 3d 1181 (9th Cir.2011), Computer Fraud, United States v. Ballestas 795 F. 3d 138 (D. C. Cir. 2015), United States v. Lindo, 18 F. 4th 334 (5th Cir. 2021 United States v. Doreen, 806 F 3d 228 (2 d Cir. 2015,18 U. S. C. 1001, 18 U. S. C. 1341 (mail fraud).

## CLAIM 16

**Claim # 16** The Plaintiff states that he suffered financial exploration by the defendants when the defendants refused to honor the Plaintiff's rights and neglected to provide the Plaintiff with the necessary documents to address his personal financial issue(s). The Plaintiff asserts that he has suffered significantly and will, eventually suffer irreparable harm, if the defendants are not stopped. Therefore, the Plaintiff intends to proceed with a Request for Preliminary Injunctive Relief to prevent permanent irreparable harm, which includes the foreclosure of his home. The Plaintiff states that he has waited nearly 28 months, and the agencies avoidance and neglect have havocked disaster concerning the Plaintiff's entire life.

**LEGAL BASIS FOR THIS CLAIM: Rule 65**

## STATEMENT OF FACTS:

### A. Background

The Plaintiff states that the Department of Veterans Affairs, at the Wade Park, Cleveland Ohio, Medical Center had performed an unlawful surgery on the plaintiff whereby a medical misadventure occurred and blinded the Plaintiff causing him to be nearly totally blinded in 2013, when a non-medical provider/and an intern performed this unlaw procedure on the Plaintiff. The Plaintiff further states that the above- mentioned eye surgery was an unauthorized medical procedure, according to the American Ophthalmology Association and VA guidelines that were in effect during the time of the surgical procedure.

The Plaintiff states that he complained about the medical misadventure and the unlawful acts associated with this same surgery; and the plaintiff further states that his complaint gave cause for the Department of Veterans Affairs to deny the Plaintiff his Constitutional entitlements, including due process, and equal Protection as it was the sworn duty, for the Cleveland VA, Department of Veterans Affairs, to do so, under the law. The Plaintiff states that this factor serves as the motivation for the agency's corrupt and retaliatory actions and behaviors towards the Plaintiff, with all matter(s) pertaining to the Plaintiff: these matters and facts will demonstrate excessively harsh and egregious actions, conduct and behaviors that were initiated by both DFAS and VA.

### B. Specific Incidents

1. The Plaintiff alleges that the Defendants manipulated his tax forms for the years 2020, 2021, and 2022. The Tax forms for 2020 and 2022 were 1099 Tax forms and the tax form for 2021 is a W-2 tax form. The Defendants made these documents appear that the Plaintiff's receipts for payment from the FAD/ settlement monies were a result of the Plaintiff's earned income rather than a court settlement and the Plaintiff states that the defendants did also knowingly send these false documents to both the Social Security Administration and the Internal Revenue Service. The Plaintiff states that this false reporting caused catastrophic injury to the Plaintiff. Computer Fraud-18 (U.S.C.1030), False Statement 18, U. S. C. S. C. 1001, Equal Protection Violations. (See Exhibit *) w-2, any refusal to respond to

2. The Plaintiff states that the Defendant's violations against him were exceedingly zealous, causing the Defendant's to ignore right thinking and professional behavior and conduct in the due process of the Plaintiff's rights. The Plaintiff further states that the Defendants corrupted and schemed in their conduct when they manipulated the Plaintiff's pay stubs and issued false W-2's with false data that was forwarded to the IRS as well, by the defendants.

3. The Plaintiff states that the agencies also issued a false 1099 tax form, for 2020, with false data and issued that tax document to the IRS. The Plaintiff states that he had not acted as a contract employee for the VA but was awarded settlement monies and not earned income monies as declared in that 1099 tax form issued for 2020, which was issued by the defendants.

4. The plaintiff states that the Defense Finance and Accounting Services issued false information to the Social Security Administration in that DFAS sent settlement (compensatory damages) monies in as earned income monies and not settlement monies for 2020 and ;therefore, the Social Security Administration processed the monies as earned income until the Social Security requested corrections via their own forms that were sent to the VA as they were initially unresponsive when both the Social Security and the Plaintiff made a request for corrected documentation for the Plaintiff's "true" earnings.

5. The Plaintiff further states that the Defendants also released settlement funds to other federal entities including Medicare, Social Security and sent these monies as if they were earned monies as opposed to tax exempt funds due to the Plaintiff, according to the FAD order. The Plaintiff states that disbursed settlement monies were drastically reduced, because of the wrongful actions of the defendants. The Plaintiff states that his settlement monies were in the sum of $255.000.00; however, due to unlawful deduction(s), by the defendants, the Plaintiff issued a settlement in the amount of only $136,000.00. 5th Amendment -14th amendment violations, Computer Fraud-18 (U.S.C.1030), (U. S. C. 2071), False Statement, Equal Protection Violations 5th Amendment.

6. In addition, the Plaintiff states that the Defendants also double billed the Plaintiff, personally, for his Federal Employees Health Benefit insurance, via deductions in the Plaintiff's bi-weekly payroll. The Plaintiff states that he has not received a debt notification letter in his account, nor payroll deduction notice, in his payroll account for these specific entries. The Plaintiff states that a payroll deduction, however, in the amount of $376.00 occurred in the Plaintiff's bi-weekly payroll statement and although the Plaintiff spoke toa VA employee, Rose Urban in the VA Human Resources Department, during 2023, the Plaintiff was told, by Rose Urban, that the debts were in the jurisdiction of the General Counsel's office and that further information could not be provided; included the assigned contact person, in that same office. The Plaintiff states that he shared these same concerns with Amber Grogan, the VA's General Counsel person, but got no response from the General Counsel person, Amber Grogan.5th amendment violations, Computer Fraud-18 (U.S.C.1030), False Statement, Equal Protection Violations, (See Exhibit*). Letters to Amber Grogan

7. The Plaintiff states that the Defendant's took monies from his settlement check to create a concealed fund which the Defendant's used for purposes outside of the normal payroll distribution methods and eventually placed these same funds (via transfer) into the Plaintiff's Federal Employee's Retirement Account. The Plaintiff states that these actions were carried out without notice or permission. The Plaintiff further states that monies placed into his retirement account grossly exceeded the normal percentage points for the Plaintiff's retirement account called FERRS. The Plaintiff states that the total dollar amount placed into his FEERS account is the sum of $11,000.00. 5th Amendment violations, Computer Fraud-18 (U.S.C.1030)
False Statement, Equal Protection Violations, Theft of Property Private Property-U. S. Code 641, 18 U. S. C. 1001

8. **The Plaintiff notified both DFAS and the Department of Veterans Affairs that he received notice from the IRS that the plaintiff's IRS account was in danger of penalties, levies, interest, seizure of property, and confiscation of tax refunds. The Plaintiff states that he received these from IRS due to false information that was forwarded by the defendants.** False Statement, Concealment-(U. S. C. 1001), 5th Amendment violations, (Computer Fraud-18 (U.S.C.1030), Equal Protection Violations.

9. **The Plaintiff states that despite his request to have the tax matter(s) corrected, his rights were violated and his request for correction was ignored by the defendants, and therefore he has suffered 5th Amendment violations,**
False Statement, Equal Protection Violations).

10. **The Plaintiff states that he notified several individuals from the Department of Veterans Affairs concerning the errors in his taxes and further disclosed the matter(s) concerning his financial**

9

hardship(s) due to the false tax documents that were forwarded that the IRS and the Social Security Administration. The Plaintiff shared with the defendants that the corruption of documents had created for the Plaintiff, and his family was horrifically and emotionally devastating. The Plaintiff states that he contacted numerous administrators from DFAS and the Department of Veterans Affairs, but again, the agencies were non-responsive. False Statement, Concealment, 5th amendment, Equal Protection Violations.5th Amendment violations

11. The Plaintiff states that on or about September 2023, the plaintiff contacted the Office of Resource Management (ORM) and filed an ORM, OEDCA claim of retaliation under EEO law, as it pertained to the tax issues created by the defendants. The Plaintiff states that he made a claim but two of his claims were closed without notification or causation. The Plaintiff states that he made a third attempt to file an ORM/OEDCA claim on or about March 26, 2024, concerning retaliation against the Plaintiff. The Plaintiff states that his claims request and third claim submission did not go through as it was dismissed by North Atlantic District Manager James Jardin, District Manager for ORM. The Plaintiff's concerns included matters related to taxes and inappropriate use of his settlement monies. The Plaintiff states that the 3rd claim submitted was dismissed without proper adjudication and without an investigation phase, as defined by EEO law. The Plaintiff believes that the cause of the immediate cancellation and dismissal of the claim is because the Plaintiff, in his claim, identified, General Counsel (supervisor for the Eastern District), Arlene Shively, as an offender, in the Plaintiff's ORM/EEO complaint. Due Process, Obstruction of Justice U.S. Code 1505, False Statement, Equal Protection Violations, 5th amendment violations.

12. The Plaintiff states that his ORM, OEDCA, EEO claim was redirected to a "breach process" whereby it was jerrymandered and closed, without an investigation or adjudication. The Plaintiff alleges that the very nature of his allegations against the agency warranted an investigation due to the serious nature of the Plaintiff's allegations along with the viable evidence forwarded to the investigating agency. The Plaintiff states that his rights were violated during the claims processes. 5th Amendment violations Equal Protection Violations, Obstruction of Justice U.S. Code 1503., 1505, False Statement.,

13. The Plaintiff states that the Social Security Administrator, Ms. Bolen, stated that she was unaware that the Plaintiff's reported monies, by the defendants, were non-tax-exempt settlement monies but instead earned income monies. (as stated by DFAS and the Department of Veterans Affairs) who submitted these tax documents concerning the Plaintiff's settlement monies. The Plaintiff stated that after the Social Security Administrator received the corrected information from the defendants, the request was made on a Social Security form that spelled out specific request concerning the Plaintiff's earnings. The plaintiff states that the Social Security Administration was "then' able to begin a calculation for the Plaintiff disability payments. False Statement,

14. The Plaintiff hereby states that the Department of Veterans Affairs and the Department of Defense Finance and Accounting Service's concealed vital information and facts that prevented the Plaintiff from any form of recovery and ability for the Plaintiff to be made whole. The Plaintiff states that the Defendants hid behind one another refusing to engage the Plaintiff, wherefore the Plaintiff had been suffering harm due to the unlawful actions and inactions initiated by the defendants.5th Amendment, Equal Protections violations,

Herein are the events that caused the Plaintiff to file this complaint:

The Plaintiff states that the following events have caused him to make a decision to file this complaint and to take future action to file for a request for Injunctive Relief as the actions, conduct and behaviors of the defendants are so egregious and unlawful, there is no other course of action, for this Plaintiff. The Plaintiff states he has lost faith in the defendant's ability to respond as the actions, conduct and behaviors by the defendants have caused great constitutional amendment violations that have also caused the Plaintiff to suffer both physical, mental, and financial harm. The Plaintiff states that unlawful conduct has

been so severe and prolonged that the Plaintiff has no other choice except to seek Injunctive Relief and the appropriate remedies therein as this complaint moves forward in the court system.

The Plaintiff states that the unwillingness of the defendants to adhere to the laws concerning all monies owed has caused issues and troubles for the Plaintiff including a foreclosure that took place on August 4, 2022-August 2023. The Plaintiff also asserts that there is a current pending foreclosure as the defendants refuse to correct the Plaintiff's tax record, and the plaintiff is therefore receiving threats of levies, liens, penalties, and seizure of Plaintiff home property and confiscation of tax refunds that are due to the Plaintiff. The plaintiff states that he has severe difficulty sleeping and his peace has been robbed as a result of the defendants' mean-spirited actions towards the plaintiff, Christopher S. Young.

The Plaintiff asserts that the refusal of the defendants to honor the Plaintiff's rights has become a game of folly and he has lost faith in the defendant's ability to walk in precepts and ordinances that are equitable and fair and in accordance with the law. The Plaintiff asserts that without the granting of the processing of his complaint, the harm would be irreparable due to the continued actions, conduct and behaviors of the defendants.

The Plaintiff states that in August 2023, he was forced to sell his vehicle to save his home property from foreclosure. The Plaintiff states that due to his limited vision and health issues, he brought a specific vehicle to keep himself safe and remain safe, when traveling, knowing that he could no longer do repair or service work on the vehicle. The Plaintiff states that he did buy a specifically made vehicle which he had purchased in 2020 and now has in his possession.

The Plaintiff states that his creditworthiness has been destroyed as he has been unable to pay his creditors due to the withholding patterns and practices initiated by the defendants. The Plaintiff asserts that he may suffer irreparable harm as his Medicare was cut off due to non-payment. The Plaintiff further states that he has a $10,000 medical bill that needs to be paid immediately. The plaintiff states that it is imperative that his complaint be examined, by the court so that the Plaintiff does not suffer irreparable harm based on the defendant's conduct.

The Plaintiff asserts that the tangibility of records was available to the defendants and, if they wanted to, fix the false data in the plaintiff's records, they could have done so. The Plaintiff further asserts that the defendants possess access to the trained individuals who had an understanding on how injurious it would be, in sending false data to other government agencies, especially knowing that the Plaintiff was legally blinded and burdened with the task of seeing to it that documents were corrected, by the defendants.

The Plaintiff states that he has been tormented by the defendants' relentless efforts to hurt him, and the defendants have done so by denying the Plaintiff the effective process when the plaintiff suffered a workplace injury causing him to suffer a concussion and other related injuries. The Plaintiff states that even here, the process was not completed and the plaintiff suffered because of the VA not moving in accordance with the laws governing workman's compensation. The Plaintiff states that this is retaliation, as well. The Plaintiff states the VA was unlawful in this respect and appears not to be guided by what is just and right in the law.

The Plaintiff states that he is emotionally fatigued and traumatized by the defendants as they have mishandled him in matters of serious business relating to his safety, well-being, and the Plaintiff's pursuit of liberty, justice and happiness, security, and well-being.

The Plaintiff states that he does not wish to be homeless, destitute, without the necessary funds to keep himself and his family safe, especially when remedy for "wholeness" was already put in place, as prescribed by the Plaintiff's FAD settlement order by the Law Judge.

The Plaintiff further states that he does not wish for his health to be at risk as he already has been affected when same funds were withheld, during the time he was suffering from slow healing wound(s) but was not given an opportunity to properly take heed to his physician's best recommendations in having a skin graph as an optimal means of treating his wounds. The Plaintiff states at this time, when he was suffering

from this infirmity, the defendants still did conduct themselves unlawfully as monies continued to be withheld.

The Plaintiff states that due process violations also occurred when the Plaintiff states that the Defendants refused to acknowledge and to address the Plaintiffs' need and legal right to a corrected and non- fraudulent w-2 tax forms. The Plaintiff further states that he had a need to obtain a deleted 1099 tax form, as he should have not been characterized as a self-employed individual but was an employee of the Department of Veterans Affairs who had received settlement monies in an FAD order. The Plaintiff states that the Defendants' due process violations led the Defendants to act willfully and intentionally to place the Plaintiff in an unfortunate and catastrophic disarray when the agencies avoided their duty to submit improper and unlawful tax documents to both Plaintiff, Social Security and the IRS. The Plaintiff states that this obstruction placed him in an unending financially dangerous situation (s) and circumstances. The Plaintiff further states that these willful and unlawful actions(s) violated the Plaintiff's rights as a citizen and an employee of the Department of Veterans Affairs.

**The Plaintiff states that he realizes that the defendants are not for him but against him and the Plaintiff wishes to not deepen his suffering nor to permit the defendants to exacerbate his injuries.**

The Plaintiff states that in accordance with Rule 65, based on the merits, facts, evidence, and rules within the law, the Plaintiff states that indirect civil consequences can arise from violating 18 U. S. C. 1001 and these violation can overlap into certain civil violation as in The False Claims Act 31 U.S.C 3729, which allows for civil liability for false claims made to federal government, A person can be sued for statement also meets the criteria for penalties, damages could imposed as well as whistle blower rewards (qui tam actions) The Plaintiff states that he wishes to protect his rights under the law.

The Plaintiff states the facts presented in this legal filing led to clear convincing evidence pointing to specific administrators of Veterans Administration and Defense Financial Accounting Services are engaged in several Computer Fraud actions:1380 USC, U. S. C. False Statements is 18 *1001, 14th and 5th Amendment laws violations, Obstruction of Justice, Under 18 U. S. Code 1504 (Intentional Torte liability) *****. The Plaintiff states that financial evidence is listed as follows and is hereby attached. The Plaintiff acknowledges that some of the codes listed above fall under the jurisdiction of criminal law; however, the federal torte claim act excludes filing under the jurisdiction of the act because this violation, though criminal, are intentional tortes, so the plaintiff therefore assert the right of recovery of injury and damages, and losses by the intentional unlawful conduct of the defendants, agents actors, employees and administrators: this allows the Plaintiff to cross over into the jurisdiction of civil law, not prosecuted by federal authorities.

Additionally, the Plaintiff states that he was compelled to file this complaint due to false statements in their efforts to conceal the true and accurate FAD order (settlement monies) as it pertains to the Plaintiff, Christopher S. Young. These actions and inactions have caused catastrophic emotional and financial damage and harm to the Plaintiff. The Department of Veterans Affairs along with the Defense Finance Accounting Service has failed to adhere to the law and refused to lawfully and appropriately distribute the allocated funds as prescribed by the Final Agency decision of the assigned Law Judge. The Plaintiff states that both of the above-mentioned agencies refused to respond to the Plaintiff's numerous and ongoing complaints in the Plaintiff's request for the agencies to correct the tax-exempt status of his monies that were being held up, and not released.as prescribed and ordered by the L aw Judge. The plaintiff states that his tax concerns and tax issues should have been imperative.

The Plaintiff states that he believes that the Department of Veterans Affairs and the Department of Defense Finance Accounting Services were angered by the Plaintiff's favorable Decision by the Federal Law Judge and thereby set out to grossly injure the Plaintiff by sending out negative and false information to other third-party providers which is defined as retaliation due to other prior EEO Activities. The Plaintiff also states that DFAS deposited a biweekly amount $576.00 (per pay period) into the Plaintiffs FERS account. This bi-weekly deposit was a result of monies, not paid to the Plaintiff, (settlement monies) but concealed and then placed into the Plaintiff's FERS account after the Plaintiff confronted the Agency and DFAS; This account began having imputations that included a descending balance that appeared in the Plaintiff's FEHB account.

The Plaintiff states that on or about 2023, a beginning "ghost account" showed up on the Plaintiff's FEHB payroll statement in the amount of approximately, $39,000.00. The Plaintiff states that additional monies, in the amounts of

2 entries of approximately $9,000.00, each also showed up on the Plaintiff's LES, as well. The Plaintiff states that these monies appeared in his payroll account for an extended period. The Plaintiff states that the $39,000.00 entry amount begins to descend in the balance on this entry, on a bi-weekly basis. The Plaintiff states that because he lacked clarity on these funds pertaining to his LES, he referred to the W-2 for 2021, to identify the monies that were missing from the Plaintiff's settlement monies. The Plaintiff also states $6,025.60, and in the audited tax return via the IRS for the year 2021.The Plaintiff states that W-2 for tax year 2021 Box 12  Code D states that code D-17= $1,552.22, and code D- 18=$6,025.60, and code D-19= $6,2234.52 (The codes have been identified as 401K deposits that are unknown to the Plaintiff, and additionally the IRS Tax transcript for 2021 shows $22,890.00 (interest which is listed as deferred compensation) on the same tax return. The 2021 tax transcript issued to this Plaintiff, by the IRS, also lists two interest payment(s) of approximately $16,000.00, as separate entries. The Plaintiff states that these monies were never paid to the Plaintiff but were concealed as false statements, of income, hidden from the Plaintiff. The Plaintiff states that the total amount of these funds is $68,291.34. The Plaintiff states that $68,291.34 are the monies that the Plaintiff has never received, nor was made aware of, as these monies were concealed as false statements. The Plaintiff further states that there are still further monies in the amount of $ 50,000.00 that are due to the Plaintiff, as these funds were falsely deducted as Federal Income Tax and declared as withholding monies that were rendered to the IRS from the Plaintiff's non-tax-deductible FAD ordered settlement monies.

Additionally, the Plaintiff states that he did not receive the proper calculations in his retirement monies as the agency is supposed to calculate the year that the Plaintiff received his settlement, as part of the average the plaintiff's highest 3 years giving him the proper sum total for the plaintiff's retirement: The Plaintiff states that this is a required calculation in accordance to the Law Judges order and it is also an entitlement that is in accordance to the Rehabilitation Act of 1973.

The Plaintiff states that a calculated amount of $308,000.00 (settlement monies) should have been include the year the Plaintiff' s retirement calculations as equal protections, under the law.  The Plaintiff further states that OPM's was to also calculate the amounts of monies calculated by the FERRS deposited overage, as well, as money overages in the were placed into the Plaintiff's FERRS account. The Plaintiff states that the lawful deduction of FERRS exceeded the proper deposit amounts, by excessive percentage amounts, as these percentages are subject to the law.

The Plaintiff states that he also hereby requests 5 U.S. C. Chapter 7: Judicial Review of the cancellation of the Plaintiff's retaliation claim with the ORM/OEDCA as it pertains to the Defendants actions against the Plaintiff. The Plaintiff argues that the Cleveland Regional Office engaged in jerrymandering and restructuring Plaintiff's VA Claims Compensation and Pension request outside of the Claims approval rules and regulation. The Plaintiff asserts that the evidence will state that the Cleveland Regional Office has declared that "this specific office will never approve a claim for the Plaintiff, Christopher S. Young. The Plaintiff further states that the evidence demonstrates that this Plaintiff was "blackballed, excluded and denied any assistance as should be required by law; Therefore,  the Plaintiff request this court to hold a hearing on the reinstitution of the Plaintiff's retaliation claim in accordance to federal discrimination law and to further have an assessment of the Plaintiff's VA claims record, claims process, to determine as to whether or not the laws were  followed in accordance to governing and applicable laws in relation to VA compensation claims.

The Plaintiff Further states that on or about May 2023, that he visited the American Legion, in Cleveland Ohio and the representative, Will Brown stated, to the Plaintiff that: "Cleveland stated that they" aint going to give you shit". The Plaintiff stated that he was in shock and very hurt by this comment. The Plaintiff further stated that on or about October 2024, he reached out to an American Legion, Washington D. C.  and spoke to Officer, Kevin Buckner, and  in communicating with this Officer, Kevin Buckner, stated that he was looking into the Plaintiff's record and he could see, in the record,  that the Plaintiff's social Security had been cut off because "the Plaintiff was in jail and had been "incarcerated for a period of three years' time spanning from 2017- to 2019. The Plaintiff stated that he stated to the American Legion officer that the plaintiff had "not been incarcerated and that he could not understand how the record could reflect that kind of information, as it is false. The Plaintiff states that the American Legion officer, Kevin Buckner stated, "I'm looking at it right here". The Plaintiff states that he knew something had to be done and at that time and also realized that the behaviors and conduct of the Department of Veterans Affairs had to be stopped, as the combined unlawful acts by the Department of Veterans Affairs was getting dangerously out of hand and had to be stopped. The Plaintiff states that this, too, is included in the reasons why the Plaintiff made up his mind to file a complaint with this court.  Further, the Plaintiff states that he wonders how and why the records, as mentioned by Kevin Buckner, the American Legion officer is placed in the records.

The plaintiff further states that he wonders who manipulated and falsified the records and who the entries were intended to benefit? Lastly, the plaintiff states that he will request that the judge order the removal of false information from the previously mentioned record when the plaintiff makes a request for injunctive Relief.

## PRAYER OF RELIEF:

**The Plaintiff petitions the court to hold the defendants liable for Statutory Relief whereas the defendants violated specific statutes that are identified in this complaint. The defendants also submit, to this court, that the defendants be held liable for Administrative Relief. The Plaintiff further states that the defendants be held liable for Constitutional Relief as much as the defendants have prohibited the plaintiff from exercising his Constitutional Rights:**

The Plaintiff makes an earnest and sincere request that the court hear the Plaintiff's prayer for relief with the understanding that the Plaintiff has suffered the humiliating burden brought on by the actions and deeds of the Department of Veterans Affairs and the Department of Defense Finance and Accounting Services, as they have broken federal laws. The Plaintiff further states that the submitted complaint be identified as both joint and several liability.

The Plaintiff states that both the Department of Veterans Affairs and the Department of Defense Finance and Accounting Services have brought forth tremendous harm to the Plaintiff, Christopher S. Young. The Plaintiff states that two federal agencies, the Department of Veterans Affairs and the Department of Defense Finance and Accounting Services, has sought out its own pathway in their avoidance, disregard, and unwillingness to properly provide all the meaningful, required, essential, critical financial obligations pertaining to both the federal agency financial operations and the services due to the plaintiff's reasonable request for the attainment of plaintiff's tax documents and the financial obligations, as required by law, to assist the plaintiff.

The Plaintiff asserts that the agencies' willingness to divert funds and obligations as a federal agency, has left the Plaintiff to be severely impacted, exploited, and tormented in a prolonged and adversarial manner.

The Plaintiff states that the defendants have egregiously failed to provide the Plaintiff with their dutifully commissioned obligation to disburse the plaintiff's monies and to thereby show commitment to report the same, in the proper manner, on behalf of the Plaintiff.

The Plaintiff states the prolonged abuse will lead to irreparable harm, if the court does not stop the unlawful conduct of these agencies towards the Plaintiff. The Plaintiff states that he will seek this.

The Plaintiff hereby, in this complaint, requests monetary damages, compensatory damages, punitive and statutory damages to be awarded to the Plaintiff, from the defendants, at the conclusion of the trial when the defendants are found to be liable. The Plaintiff also requests Injunctive Relief to be awarded to the Plaintiff, as defined and listed in the pleading for the items listed and pleaded in the same Injunctive Relief. That will be filed separately from the court.

The Plaintiff states that he will pursue Preliminary Injunctive Relief in the very immediate future to prevent the currently impending dreadful irreparable harm, caused by the defendants.

14

Please see the attached exhibit sheet

### Affidavit:

The Plaintiff, Christopher S. Young, hereby affirms that the stated manifested actions conduct and behaviors, against the plaintiff, are true and accurate, in this complaint, to the best of the Plaintiff's knowledge.

*Please see the attached exhibits that support the Plaintiff Claims in this document.

Signature of Plaintiff: _____   Date: _____3/18/2025_____

Pro SE